IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH FORTE,<br>   Petitioner,<br><br>v.<br><br>ARCHIE B. LONGLEY,<br>   Respondent. | Civil Action No. 11-171 Erie<br><br>District Sean J. McLaughlin<br>Magistrate Judge Susan Paradise Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by federal prisoner Ralph Forte be denied and that this case be closed.

**II. REPORT**

Pending before the Court is the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Ralph Forte. He challenges disciplinary actions taken against him at FCI McKean as a result of two separate incident reports issued to him on February 16, 2011. He alleges that the Disciplinary Hearing Officer (the "DHO") refused to accept and consider documentary evidence that he presented at his DHO hearings. He also alleges that the DHO falsely indicated in the DHO reports that he did not offer documentary evidence, and that the DHO mischaracterized statements made during his e-mail correspondence.

**A. Relevant Background**

 **1. The First Incident Report**

On February 16, 2011, Incident Report Number 2125992 was delivered to Forte charging him with committing the prohibited action of Giving Money or Anything of Value to, or Accepting Money

1

or Anything of Value From, Another Inmate or Any Other Person Without Staff Authorization, in violation of Code 328. The reporting employee described the incident as follows:

> On Wednesday, February 16, 2011, I was monitoring emails placed and received by inmate Ralph Forte #14573-055 on 12/27/2010. In an email at 12:35 PM to [name of Civilian A redacted] [E-mail address of Civilian A redacted], Inmate Forte states, "I hope you got the message from my buddy [sic] sister and you took care of business." At 2:58 PM, [name of Civilian A redacted] replies, "She just called, am on my way out right now. Will hit you up when I get back." At 4:01 PM, [name of Civilian A redacted] replies, "All set." At 4:07 PM on 12/27/2010, a Western Union Money Order for $300 is deposited in Inmate [name of Inmate A redacted] account by [name of Civilian A redacted]. In an email at 8:56 PM, Inmate Forte asks [Civilian A] how much money she sent. At 10:39 PM, [name of Civilian A redacted] replies, "I sent 300 like you told me."

[Resp's Ex. 2a, ECF No. 9-2 at 27].

The Investigating Lieutenant delivered the incident report to Forte, who declined to make a statement at that time. The Investigating Lieutenant gathered the following documents: (1) email correspondence between Forte and Civilian A; (2) Forte's Truview email list; and (3) Inmate A's trust fund account deposits between December 3, 2010 and February 11, 2011. At the conclusion of the investigation, the Lieutenant referred the incident report to the Unit Discipline Committee ("UDC"). After an initial hearing, the UDC referred the matter to the DHO. [Id. at 27-34].

The DHO hearing was conducted on March 7, 2011. Afterwards, the DHO determined that Forte had committed the prohibited act of giving $300 to Inmate A on December 27, 2010, in violation of Code 328. The DHO explained "Misbehavior of this nature poses a serious threat to the safety and security of the institution. Inmates giving and receiving things of value to each other can cause serious problems when one inmate becomes indebted to another." Among the sanctions the DHO imposed, Forte was disallowed 10 days of good conduct time. [Resp's Ex. 2d, ECF No. 9-2 at 40-42].

2

### 2. The Second Incident Report

Forte received a second incident report on February 16, 2011. That incident report was numbered 2125995, and it also charged him with Giving Money or Anything of Value to, or Accepting Money or Anything of Value From, Another Inmate or Any Other Person Without Staff Authorization, in violation of Code 328. The reporting employee described the incident at issue in this report as follows:

> On Wednesday, February 16, 2011, I was monitoring emails placed and received by inmate Ralph Forte #14573-055 on 12/29/2010 and 12/30/2010. In an email on 12/29/2010 at 8:26 PM to [name and email address of Civilian A redacted], Inmate Forte states, "I was playing cards and had [a] bad day. Do you still have that same information you sent that 300 to? [I]if so I need you to do it again." At 9:52 PM, [last name of Civilian A redacted] replies, "Yes, I still have the info from the last wire." On 12/30/2010, at 11:06 AM, a Western Union money order for $300 was deposited in Inmate [name and Register Number of inmate A redacted] account by [name of civilian A redacted]. At 11:27 AM, [last name of civilian A redacted] writes, "all set."

[Resp's Ex. 2e, ECF No. 9-2 at 44].

The Investigating Lieutenant delivered this incident report to Forte right after he delivered the first one to him. Forte once again declined to make a statement. The Investigating Lieutenant relied upon the same documents that he had gathered during his investigation of the first incident report. At the conclusion of the investigation, the Lieutenant referred this second incident report to the UDC, which after an initial hearing referred the matter to the DHO. [Id. at 44-51].

The DHO hearing for the second incident report also was conducted on March 7, 2011. After this hearing, the DHO determined that Forte had committed the prohibited of giving $300 to Inmate A on December 30, 2010, in violation of Code 328. Forte was disallowed 10 days of good conduct time as a sanction in this case as well. [Resp's Ex. 2h, ECF No. 9-2 at 58-59].

3

### 3. Forte's Failure To Exhaust His Administrative Remedies

The Bureau of Prisons' (the "BOP's") regulations provide that inmates seeking to appeal the decision of a DHO may appeal directly to the Regional Director within 20 days after receiving the written DHO report. 28 C.F.R. § 542.15(a). See also id. § 542.14(d)(2). If the inmate is dissatisfied with the Region's response, he may file a Central Office Appeal with the BOP's General Counsel. Id. An appeal to the General Counsel is the final administrative appeal in the BOP.

Forte did file an appeal to the Regional Director in which he challenged the DHO's decision in both of his cases. This appeal was rejected without substantive response because Forte incorrectly appealed more than one incident report on a single administrative remedy form.[1] He was advised that he could correct his error and resubmit his Regional Appeal within ten days from the date of the rejection notice. [Decl. of Vanessa Herbin-Smith, ¶ 8a, ECF No. 9-2 at 4].

On April 18, 2011, Forte resubmitted his Regional Appeal. It was rejected because he filed too many continuation pages, in violation of 28 C.F.R. § 542.14(c)(3). [Id., ¶ 8b, ECF No. 9-2 at 4]. That regulation provides:

> The inmate shall complete the form with all requested identifying information and shall state each complaint in the space provided on the form. *If more space is needed, the inmate may use up to one letter-size (8-1/2" x 11") continuation page.* The inmate must provide an additional copy of any continuation page. The inmate must submit one copy of supporting exhibits. Exhibits will not be returned with the response. Because copies of exhibits must be filed for any appeal (see § 542.15(b)(3)), the inmate is encouraged to retain a copy of all exhibits for his or her personal records.

(Emphasis added).

The rejection notice advised Forte that his "exhibits" (inmates may include an unlimited number of exhibits with their administrative remedy appeals) were counted as continuation pages because his

---

[1] 28 C.F.R. § 542.14(b)(2) provides: "If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue. For DHO and UDC appeals, each separate incident report number must be appealed on a separate form."

4

"exhibits" merely continued his arguments, and were not submitted as evidence included for the purpose of supporting his arguments. He was instructed to remove the excess continuation pages and resubmit his appeal within ten days of the date of the rejection notice. [Id.] He did not abide by these instructions and committed the same error in subsequent Regional Appeals. [Id., ¶ 8c-e, ECF No. 9-2 at 5].

On June 9, 2011, Forte filed two appeals to the BOP's Office of General Counsel, in which he challenged the disciplinary action taken in connection with each incident report. These appeals were rejected without a substantive response because he failed to include his Regional Appeal and Response with his filing. He was instructed to correct the error and resubmit his appeals within 15 days of the date of the rejection notice. [Id., ¶ 8f-g, ECF No. 5].

Forte has not filed any additional administrative appeals since June 9, 2011. The time for him to appeal the DHO's actions regarding either incident report has long since passed. [Id., ¶ 9].

In his Answer, Respondent argues, *inter alia*, that Forte has procedurally defaulted his habeas claims because he failed to exhaust his administrative remedies. [ECF No. 9]. Forte did not file a Reply. See Local Rule LCvR 2241(D)(2) (a petitioner may file a Reply within 30 days of the date the respondent files the Answer).

### B. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id.[2] "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the

---

[2] A federal prisoner cannot challenge the conditions of his confinement in that habeas action. He must do so in an action filed pursuant to Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

5

ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (citing Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)). That type of habeas action is brought under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence*." McGee, 627 F.3d at 935 (emphasis added) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) and citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)).

The U.S. Court of Appeals for the Third Circuit has recognized that "the precise meaning of 'execution of the sentence' is hazy." Cardona, 681 F.3d at 536 (quoting Woodall, 432 F.3d at 242). In McGee, the Third Circuit Court instructed that "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence." 627 F.3d at 936. It has held that "[a] challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 (3d Cir. 2008) (*per curiam*) (citations omitted). See generally Brian R. Means, FEDERAL HABEAS MANUAL § 1:29 (June 2012) ("All courts agree that § 2241 is an appropriate vehicle to challenge government action that inevitably affects the duration of the petitioner's custody, such as challenges to administrative orders revoking good-time credits, computation of a prisoner's sentence by prison officials, a right to release on parole, or other equivalent sentence-shortening devices."). But see Cardona, 681 F.3d at 537 n.8 (observing in *dicta* that "the Supreme Court's recent opinion in Pepper v. United States, — U.S. —, 131 S.Ct. 1229, 179 L.Ed.2d

196 (2011) calls into question whether an inmate can even bring a habeas claim for an actual loss of good time credits, holding that '[a]n award of good time credit by the [BOP] does not affect the length of a court-imposed sentence; rather, it is an administrative reward 'to provide an incentive for prisoners to compl[y] with institutional disciplinary regulations.' Id. at 1248 n. 14 (internal quotation marks omitted) (quoting Barber v. Thomas, 560 U.S. —, 130 S.Ct. 2499, 2505, 177 L.Ed.2d 1 (2010))".)

### C. Forte Has Procedurally Defaulted His Claims

A federal prisoner who is seeking habeas relief under 28 U.S.C. § 2241 must first exhaust administrative remedies before filing his petition in federal court. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. See, e.g., Moscato, 98 F.3d at 761-62.

Respondent contends that Forte's failure to properly exhaust his administrative remedies amounts to a default of any habeas claim he has regarding either of his incident reports. Id. See, e.g., Beckford v. Martinez, 408 F.App'x 518 (3d Cir. 2010) (per curiam) (federal prisoner whose administrative appeal was untimely procedurally defaulted his habeas claims). To overcome the default, Forte must establish cause for his default and prejudice. Id. at 762 ("In sum, we hold that a federal prisoner who challenges a disciplinary proceeding within a federal institution, fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy,

7

cannot secure judicial review of his habeas claim absent a showing of cause and prejudice."); Beckford, 408 F.App'x at 520 ("[T]he record reflects that [the petitioner's] administrative appeals were rejected as untimely. Absent a showing of cause and prejudice for his procedural default, review of the merits of [his] habeas petition is barred."). He has not met that burden. He did not file a reply to Respondent's procedural default argument and, therefore, he has failed to demonstrate any reason as to why this Court should excuse his default. Thus, the petition must be denied because Forte's claims are procedurally defaulted.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that this case be closed.³

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

> /s/ Susan Paradise Baxter
> SUSAN PARADISE BAXTER
> United States Magistrate Judge

Dated: September 13, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge

---

³ Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).